IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

CHRISTINA CALLOWAY, )
)
)
    Plaintiff, )
)
v. ) Civil Action No. 13-CV-1290-JTM-DJW
)
C. COOPER, Wichita Police Officer, )
)
)
    Defendant. )
)

## COMPLAINT

    COMES NOW, plaintiff Christina Calloway, by her counsel Joseph H. Cassell of Eron Law, P.A., and for her cause of action against defendant Wichita Police Officer C. Cooper, alleges and states as follows:

### General Allegations

    1.    Plaintiff is a citizen of Sedgwick County, Kansas, residing at 607 N. Clayton, Wichita, Kansas 67213.

    2.    Defendant C. Cooper is a citizen of Sedgwick County, Kansas, and upon information and belief employed by the City of Wichita, Wichita, Police Department, whose residence is unknown.

    3.    At all times material, defendant was a police officer of the city of Wichita, Kansas.

## Jurisdiction and Venue

4. Jurisdiction of the Court is based upon 28 U.S.C. §1331 and 42 U.S.C. §1983. Venue is founded upon 28 U.S.C. §1391(b), as the cause of action arose in the district of Kansas.

## General Allegations

5. On September 30, 2012, Ms. Calloway was operating her vehicle within the law, driving west, when Officer Cooper, who was driving east, did a U-turn and pulled her over.

6. Since Ms. Calloway was very near her home, which at that time was 1822 S. Emporia, Wichita, Kansas 67211, when she noticed that she was being told to pull over to the side of the street by the flashing lights of the police car following her, she pulled into the driveway of her residence.

7. Ms. Calloway exited her car, at which time Officer Cooper yelled at her to "fucking get down on the ground".

8. Officer Cooper was profiling Ms. Calloway, thinking because of her head bandana and dark appearance, she must be a druggie-gangbanger. He was completely wrong.

9. Ms. Calloway is a criminal justice student at Wichita State University.

10. Ms. Calloway told Officer Cooper that she could not get down on the ground as he demanded because she has degenerative bone and joint disease. Officer Cooper responded "I don't give a fuck about you and what's wrong with you, get on the fucking ground."

11. Ms. Calloway has a handicap tag on her vehicle.

12. Officer Cooper then using excessive force, threw Ms. Calloway to the ground, handcuffed her, causing her extreme pain to her shoulder and her wrists. She remained on the ground on her knees for approximately fifteen minutes.

13. Officer Cooper was being accompanied by a K-9 dog. Since Officer Cooper thought Ms. Calloway to be involved in drugs or a gang banger, without any reasonable suspicion, let alone probable cause, he undertook to have his K-9 dog "run" Ms. Calloway's vehicle to see if the dog would sniff and detect drugs. The dog did not, as Ms. Calloway had no drugs on her person or in her vehicle.

14. Without any probable cause or suspicion, nor with plaintiff's consent, Officer Cooper searched plaintiff's car and her backpack located inside her car.

15. While this was ongoing in her driveway, Ms. Calloway's dog "Mister" was barking at the front room window. For a period of about 45 minutes, she pleaded with Officer Cooper to allow her to close her window, which at a portion of that time, was approximately only three feet away from where she was, to secure her dog.

16. Officer Cooper refused. He was frustrated that he had made a mistake in profiling Ms. Calloway and not found drugs, so he instead shown his flashlight into the window, into Mister's face, deliberately taunting Mister to the point that Mister broke through the screen on the window and came toward the assembled officers, including Officer Cooper.

17. Mister was not barking once he exited the house, nor was he acting threatening in any manner that would cause fully armed police officers to fear harm or

bodily injury. Nonetheless, Officer Cooper and another WPD Officer Armstrong pumped 5 bullets into Mister, killing him in front of Ms. Calloway.

18. Ms. Calloway was charged with evading/eluding police, no driver's license, driving on a suspended license and no lights during certain hours.

19. Ms. Calloway did in fact have a driver's license, which was in her backpack. Officer Cooper would not allow here to retrieve her driver's license from her backpack.

20. All charges against Ms. Calloway were dismissed on January 10, 2013.

21. Ms. Calloway was detained for over 45 minutes for a routine traffic stop, suffered bodily injury, suffered personal loss of liberty, and suffered emotional trauma and mental distress of witnessing the killing of her beloved dog "Mister," and had her car and backpack unlawfully searched without her consent.

22. The acts of defendants as described above constitute deprivations by defendants under color of law of plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, which federal rights are also secured to plaintiff by the provisions of 42 U.S.C. §1983.

23. The factual bases of the violations to plaintiff's constitutional rights are the following:

(a) Wichita Police Officer C. Cooper had no legal justification to batter plaintiff and throw her to the ground, causing plaintiff great bodily harm, physical and emotional pain and suffering;

(b) Wichita Police Officer C. Cooper had no reasonable suspicion, no probable cause, no legal authority to conduct a dog sniff or search of plaintiff's vehicle;

(c) Wichita Police Officer C. Cooper had no reasonable suspicion, no probable cause, no legal authority to search of plaintiff's vehicle;

(d) Wichita Police Officer C. Cooper had no reasonable suspicion, no probable cause, no legal authority to search plaintiff's backpack located inside plaintiff's vehicle.

24. Plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments were violated in the following manner:

(a) Plaintiff's constitutional rights to be protected against having her vehicle and personal property inside searched and seized, without reasonable suspicion or probable cause (Fourth & Fourteenth Amendments);

(b) Plaintiff's constitutional rights to be protected against being battered, having to suffer unreasonable and excessive force at the hands of Officer Cooper during a routine traffic, without provocation or justification (Fourth & Fourteenth Amendments) and

(c) Plaintiff's constitutional rights to be protected against having her property taken without the due process of law (Fifth & Fourteenth Amendments) and

## COUNT I
### (Claim for Deprivation of Constitutional Rights)

25. Defendant's conduct in the violation plaintiff's constitutional rights to be protected from unlawful search and seizure, battery, taking of plaintiff's property, and deprivation of plaintiff's liberty interests without due process of law under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, as well as Article 15 of the Bill of Rights of the Kansas Constitution, was done in violation of 42 U.S.C. §1983.

26. As a result of defendant's conduct, plaintiff is entitled to compensatory damages for deprivation of her constitutional rights and medical expenses incurred due to defendant's excessive force and battery.

## COUNT II
### (Claim for Punitive Damages)

27. Defendant's conduct in executing violating plaintiff's constitutional rights secured by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, as well as Article 15 of the Bill of Rights of the Kansas Constitution, was oppressive, malicious, intentional and a reckless disregard of those constitutional rights.

28. As a result of defendant's conduct, plaintiff is entitled to punitive damages.

## COUNT III
### (Claim for Intentional Infliction of Emotional Distress)

29. Defendants' conduct in the unlawful search and seizure, assault, battery, illegal arrest, false imprisonment and detention, and deprivation of plaintiff's liberty interests serving is so outrageous as to constitute a cause of action for intentional infliction of emotional distress.

30. Plaintiff has suffered extreme emotional distress, fear and humiliation as a result of defendants' conduct, as set for in ¶¶ 5-18 above.

31. As a result of defendant's conduct, plaintiff is entitled to compensatory damages.

## COUNT IV
### (Claim for Loss of Property)

32. Defendant willfully and intentionally killed plaintiff's dog.

33. As a result of defendant's conduct, plaintiff is entitled to compensatory damages.

## RELIEF REQUESTED

WHEREFORE, plaintiff Christina Calloway prays for judgment against defendant Wichita Police Officer, as follows:

    A    Judgment against defendant for actual and presumed damages for the deprivation of plaintiff's constitutional rights, excessive force, illegal search and seizure, and deprivation of property, in the amount of $100,000, pursuant to 42 U.S.C. §1983;

    B    Judgment against defendant for punitive damages for the deprivation of plaintiff's constitutional rights in the amount of $100,000, pursuant to 42 U.S.C. §1983;

    C    Judgment against defendant for actual damages under plaintiff's state common law claim for emotional distress in the amount of $50,000;

    D    Judgment against defendant for actual damages for plaintiff's out of pocket medical expenses to be determined at the pre-trial conference;

    E    Judgment for incidental and consequential damages as the court or jury finds appropriate;

    F    Judgment for plaintiff's litigation expenses and attorney fees, pursuant to 42 U.S.C. §1988;

    G    For court costs and

    H    For all other just and proper relief in the premises.

ERON LAW, P.A.
229 E. William Street, Suite 100
Wichita, Kansas 67202
Telephone: (316) 262-5500
Facsimile: (316) 262-5559
e-mail: jhcassell@eronlaw.net

By:   s/Joseph H. Cassell
       Joseph H. Cassell #10861
       Attorneys for plaintiff
       Christina Calloway

## REQUEST FOR TRIAL BY JURY

COMES NOW, plaintiff Christina Calloway and requests a trial by jury on all issues so triable.

                                    s/ Joseph H. Cassell
                                    Joseph H. Cassell